UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-06892-SVW-JCGx | Date | August 30, 2012 |
|---|---|---|---|
| Title | EPI Investments, LLC v. Roberto Jovel and Martha Jovel | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**   IN CHAMBERS ORDER re JURISDICTION

**I.   INTRODUCTION**

Plaintiffs EPI Investments et al. filed the instant unlawful detainer action against Defendants Roberto and Martha Jovel in Los Angeles County Superior Court. Defendants removed the case on August 9, 2012. The Court REMANDS this action to the Los Angeles County Superior Court of California for the reasons below.

**II.   ANALYSIS**

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392. "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." Id. at 393 (emphasis in original). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-06892-SVW-JCGx | Date | August 30, 2012 |
|---|---|---|---|
| Title | EPI Investments, LLC v. Roberto Jovel and Martha Jovel | | |

JS - 6

claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, Plaintiff's Complaint alleges a state law claim for unlawful detainer under California law. An unlawful detainer action does not arise under federal law; instead, it is governed solely by California law.  See Wescom Credit Union v. Dudley, No. CV 10-8203 GAC (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).  Accordingly, there is no federal question in this case.

Additionally, as Defendants are California citizens, they cannot remove based on diversity of citizenship.  28 USC § 1441(b)(2).

**III.   CONCLUSION**

Because the Court lacks subject matter jurisdiction over this case, the Court must remand the case to Los Angeles County Superior Court of California *sua sponte*.

IT IS SO ORDERED.

| | | : | |
|---|---|---|---|
| | Initials of Preparer | PMC | |